No. 24-34

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

SAMANTHA ALARIO, HEATHER DIROCCO,
CARLY ANN GODDARD, ALICE HELD, AND DALE STOUT,

*Plaintiffs-Appellees*,

and

TIKTOK INC.,

*Plaintiff-Appellee*,

v.

AUSTIN KNUDSEN, in his official capacity as Attorney General
of the State of Montana,

*Defendant-Appellant*.

On Appeal from the United States District Court for the
District of Montana, Nos. 1:23-cv-56 and 1:23-cv-61 (Molloy, J.)

## PARTIALLY OPPOSED MOTION TO DISMISS
## THE APPEAL AS MOOT AND
## TO VACATE THE JUDGMENT BELOW

AUSTIN KNUDSEN
*Attorney General of Montana*

CHRISTIAN B. CORRIGAN
*Solicitor General of Montana*

Montana Department of Justice
215 North Sanders
P.O. Box 201401
Helena, MT 59620-1401
(406) 444-2026
christian.corrigan@mt.gov

*Counsel for Defendant-Appellant*

## INTRODUCTION

In these consolidated cases, plaintiffs challenged the constitutionality of Montana Senate Bill 419. Enacted by the Montana Legislature in 2023, SB419 prohibited TikTok, Inc. from operating within Montana and prohibited mobile application stores from making TikTok's app downloadable in Montana. Plaintiffs challenged SB419 as violating the First Amendment, Supremacy Clause, and Commerce Clause of the U.S. Constitution. The district court granted a preliminary injunction that enjoined the implementation of SB419, and this appeal followed.

But this case is now moot. By its own terms, SB419 would become "void if TikTok is acquired by or sold to a company that is not incorporated in any other country designated as a foreign adversary in 15 C.F.R. § 7.4." ER-65 (capitalization added). All parties agree that this condition was triggered when TikTok initiated a "qualified divestiture" by divesting its U.S.-based operations from Bytedance Ltd. and placing those U.S.-based operations under the control of "United States persons" who are not "controlled by any foreign adversary." *See* Executive Order 14352, "Saving TikTok While Protecting National Security," 90 Fed. Reg. 47219 (Sept. 25, 2025). Because TikTok divested its U.S.-based operations from foreign control, SB419's built-in sunset took effect and TikTok is no longer banned from operating in the State of Montana— mooting both the underlying case and this appeal.

1

Plaintiffs do not oppose dismissing this appeal as moot, but they do oppose vacatur under *Munsingwear*. Yet vacatur of the lower court's decision under the *Munsingwear* rule is the "normal practice" of this Court, *Teter v. Lopez*, 125 F.4th 1301, 1309 (9th Cir. 2025), and is considered "automatic" when a case becomes moot on appeal, *Pub. Utilities Comm'n of Cal. v. FERC*, 100 F.3d 1451, 1461 (9th Cir. 1996). Plaintiffs cannot overcome the many cases ordering vacatur in precisely these circumstances. This Court should do what it always does when an appeal becomes moot through no fault of the appealing party—declare the appeal moot and vacate the district court's order.

## ARGUMENT

## I.   The parties' dispute over the constitutionality of SB419 is now moot.

This Court no longer has jurisdiction to resolve this appeal because TikTok's own conduct has rendered the appeal moot.

A case becomes "moot when 'interim relief or events have completely and irrevocably eradicated the effects of the alleged violation.'" *Hemp Indus. Ass'n v. Drug Enf't Admin.*, 333 F.3d 1082, 1085 n.3 (9th Cir. 2003) (quoting *Cnty. of Los Angeles* v. *Davis*, 440 U.S. 625, 631 (1979)). Here, there have been "changed conditions" that "mooted the underlying controversy." *Alaska Wilderness League v. Jewell*, 637 F. App'x 976, 981 (9th Cir. 2015) (citing *United States v. Yakima Tribal Court*, 806 F.2d 853, 857 (9th Cir. 1986)). TikTok chose to divest its U.S.-based operation from its former foreign parent company Bytedance Ltd., and transfer control of those operations to U.S.

persons. *See* Executive Order 14352, 90 Fed. Reg. 47219. Since TikTok's U.S.-based operations are no longer controlled by a foreign entity, SB419 no longer applies and TikTok can freely operate in the State of Montana. No exception to mootness (like voluntary cessation or capable of repetition evading review) applies here.

Plaintiffs agree that this case is moot. After TikTok divested its U.S.-based operations, all parties to this case filed a joint stipulation of dismissal in the district court below. Plaintiffs agree that TikTok has now been "sold to a company that is not incorporated in any other country designated as a foreign adversary in 15 C.F.R. 7.4," and therefore that "SB 419 is void" since the divesture triggered SB419's sunset provision. *See* Joint Stip. (Dkt. 143), *Alario et al. v. Knudsen*, 1:23-cv-56 (D. Mont. Feb. 20, 2026). On February 23, 2026, the district court below accepted the parties' joint stipulation and dismissed the case that gave rise to this appeal. *See* Order (Dkt. 144), *Alario et al. v. Knudsen*, 1:23-cv-56 (D. Mont. Feb. 23, 2026).

## II. This mootness requires dismissing this appeal and vacating the district court's injunction against SB419.

Because the plaintiffs' challenge to SB419 is now moot, the Court should dismiss this appeal. *See id.* Plaintiffs do not disagree.

Plaintiffs disagree, however, about whether this Court should also vacate the district court's preliminary injunction that enjoined the implementation of SB419. It should. "When a civil case becomes moot pending appellate adjudication, the established practice in the federal system is to ... vacate the judgment below and remand

with a direction to dismiss." *Arizonans for Official English v. Arizona*, 520 U.S. 43, 71 (1997) (quoting *United States v. Munsingwear, Inc.*, 340 U.S. 36, 39 (1950)) (cleaned up). This "*Munsingwear* practice is well settled." *Acheson Hotels, LLC v. Laufer*, 601 U.S. 1, 5 (2023); *see also United States v. Microsoft Corp.*, 138 S. Ct. 1186, 1188 (2018) (per curiam) ("This case, therefore, has become moot. Following the Court's established practice in such cases, the judgment on review is accordingly vacated.").

After all, when a case on appeal becomes moot, it is not only the practice but also "the *duty* of the appellate court to set aside the decree below and to remand the cause with directions to dismiss." *Great W. Sugar Co. v. Nelson*, 442 U.S. 92, 93 (1979) (cleaned up). Vacatur "*must* be granted where mootness results from the unilateral action of the party who prevailed in the lower court" (here, TikTok). *U.S. Bancorp Mortg. Co. v. Bonner Mall P'Ship*, 513 U.S. 18, 23 (1994) (emphasis added). Vacating the lower court order "clears the path for future relitigation of the issues between the parties and eliminates a judgment, review of which was prevented," *United States v. Munsingwear, Inc.*, 340 U.S. 36, 40 (1950), and "prevent[s] an unreviewable decision 'from spawning any legal consequences,' so that no party is harmed by ... a 'preliminary adjudication,'" *Camreta v. Greene*, 563 U.S. 692, 713 (2011) (quoting *Munsingwear*, 340 U.S. at 40–41).

This Court's cases confirm this general practice. Under *Munsingwear*, "vacatur is generally automatic in the Ninth Circuit when a case becomes moot on appeal," and vacatur is withheld only "when 'the *party seeking appellate relief* fails to protect itself or is

the cause of subsequent mootness.'" *Donovan v. Vance*, 70 F.4th 1167, 1173 (9th Cir. 2023); *see also C.L. v. Del Amo Hosp., Inc.*, No. 24-3345, 2025 WL 3295155, at *1 (9th Cir. Nov. 26, 2025); *Anoke v. Silverman*, No. 24-5936, 2025 WL 2252556, at *1 (9th Cir. Aug. 4, 2025); *Saraf v. Renaud*, No. 23-15795, 2024 WL 2843033, at *1 (9th Cir. June 5, 2024). And the Supreme Court has ordered *Munsingwear* vacatur in precisely these circumstances—where a law is challenged, enjoined, and then sunsets or is repealed while the appeal is pending. *See, e.g.*, *N.Y. State Rifle & Pistol Ass'n, Inc. v. City of N.Y.*, 140 S. Ct. 1525, 1526-27 (2020); *Bowen v. Kizer*, 485 U.S. 386, 387 (1988); *U.S. Dep't of Treasury v. Galioto*, 477 U.S. 556, 559-60 (1986). In *Munsingwear* itself, "[t]he suit for injunctive relief … became moot on appeal because the regulations sought to be enforced … were annulled." *Bancorp*, 513 U.S. at 25 n.3 (citing *Fleming v. Munsingwear, Inc.*, 162 F.2d 125, 127 (8th Cir. 1947)).

It is no answer to contend that *Munsingwear* vacatur should not apply to orders granting preliminary injunctions. That argument contravenes settled precedent from both this Court and the Supreme Court. This Court regularly orders *Munsingwear* vacatur for district court orders granting or denying preliminary injunctions, and for other non-final orders. When a party who lost below on a preliminary injunction question is deprived of the right to appeal, through no fault of its own, "the appeal must be dismissed as moot and remanded to the district court with instructions to vacate its order granting the preliminary injunction." *Loc. No. 44 of Int'l All. of Theatrical Stage Emps.*

*& Moving Picture Mach. Operators of U.S. & Canada v. Int'l All. of Theatrical Stage Emps. & Moving Picture Mach. Operators of U.S. & Canada*, 886 F.2d 1320, at *1 (9th Cir. 1989).

While one panel of this Court previously suggested that *Munsingwear* vacatur may apply only where there is a "valid and final judgment" to vacate, *United States v. Arpaio*, 951 F.3d 1001, 1006 (9th Cir. 2020) (cleaned up), just one year later, the Supreme Court made clear that *Munsingwear* vacatur properly applies to preliminary injunctions. *See Mayorkas v. Innovation L. Lab*, 141 S. Ct. 2842 (2021). After *Innovation Law Lab* became moot, the Supreme Court "remanded the case to this court with instructions that we remand to the district court with directions to that court to vacate as moot its ... order granting a preliminary injunction." *Innovation L. Lab v. Mayorkas*, 5 F.4th 1099, 1100 (9th Cir. 2021). And this Court did so. *Id.* Other cases by this Court, both before and after the criminal-context decision in *Arpaio*, have confirmed that orders respecting preliminary injunctions and other non-final orders fall within *Munsingwear*'s purview. *See Anoke*, 2025 WL 2252556, at *1 (ordering *Munsingwear* vacatur for an order to unseal a district court filing); *Arizona v. U.S. Dep't of Homeland Sec.*, No. 21-16118, 2023 WL 3033414, at *1 (9th Cir. Apr. 18, 2023) (ordering *Munsingwear* vacatur for an interim order denying a preliminary injunction); *IBTCWHA, Lov. Union No. 2702 v. W. Air Lines, Inc.*, 854 F.2d 1178, 1178 (9th Cir. 1988) (ordering *Munsingwear* vacatur for an order granting a preliminary injunction).

Nor does the exception to vacatur recognized in *Bancorp* apply here. The *Bancorp* exception to *Munsingwear* applies when a case becomes moot through a "voluntary

action" by the losing party, like a "settlement." *Bancorp*, 513 U.S. at 24–25. In other words, *Munsingwear* is not appropriate when the party that lost below (and now seeks vacatur) "has voluntarily forfeited his legal remedy" by not actively pursuing an appeal. *Id.* at 25. That is not the case here. Montana had actively pursued its rights and presented arguments against the district court's order when this case became moot due to (1) Congress enacting the Protecting Americans from Foreign Adversary Controlled Applications Act ("Act"), Pub. L. No.118-50, div. H, 138 Stat. 895, 955–60 (2024); (2) TikTok's new joint-venture company based in the United States to comply with the Act; and (3) SB419's built-in sunset clause.

That situation calls for *Munsingwear* vacatur.

Lastly, the balance of the equities supports vacating the district court's order. Equitable considerations favor vacatur when, as here, the party seeking vacatur was not to blame for the mootness. *See Bancorp*, 513 U.S. at 24-25; *Teter*, 125 F.4th at 1309. Montana did not cause this case to become moot. Congress enacted a federal statute and TikTok took action to comply—ultimately divesting its U.S.-based operations from foreign control. That's what triggered SB419's sunset provision. *Teter*, 125 F.4th at 1309. Meanwhile, the order below contains extensive legal reasoning on constitutional issues, burdens of proof, and Montana's ability to engage in self-governance—all of which Montana disagrees with and had asked this Court to reverse. *See* Appellant-Br. 18–23. Allowing that unreviewable injunction to stand would cause inequity for Montana: the State would be burdened by an adverse ruling that it was deprived of the opportunity

to challenge, and that ruling could be cited as persuasive authority in future litigation against the State if the State attempts to legislate in a similar manner again.

Plaintiffs, by contrast, suffer no inequity from vacatur. They already have all the relief they sought—SB419 is void, and TikTok operates freely in Montana. Vacatur does not revive SB419 or otherwise prejudice them in any way. Since vacating the preliminary injunction imposes no meaningful cost on the Plaintiffs and prevents real harm to Montana, the equities favor vacatur. *See Camreta*, 563 U.S. at 712. This scenario falls in the heartland of *Munsingwear* vacatur. By vacating the preliminary injunction, this Court can "clear[] the path for future relitigation." *Munsingwear*, 340 U.S. at 40. The preliminary injunction below is the very type of "preliminary adjudication" for which *Munsingwear* contemplates vacatur, in order to "prevent [this] unreviewable decision from spawning any legal consequences." *Camreta*, 563 U.S. at 713 (cleaned up); *see also Voice of the Experienced v. Westcott*, No. 24-30420, 2025 WL 2222990, at *1 (5th Cir. Aug. 5, 2025) ("The only question left for us to answer is whether we should also vacate the preliminary injunction ... [t]he answer is yes."); *Sands v. NLRB*, 825 F.3d 778, 786 (D.C. Cir. 2016) (vacatur would "serve the public interest by furthering the traditional purpose of the [Munsingwear] doctrine: clearing the path for future relitigation of the issues").

## CONCLUSION

The Court should dismiss this appeal and direct the district court to vacate its order granting a preliminary injunction.

Dated: March 6, 2026          Respectfully submitted,


*/s/ Christian B. Corrigan*

AUSTIN KNUDSEN
  *Attorney General of Montana*

CHRISTIAN B. CORRIGAN
  *Solicitor General of Montana*

Montana Department of Justice
215 North Sanders
P.O. Box 201401
Helena, MT 59620-1401
(406) 444-2026
christian.corrigan@mt.gov

## CERTIFICATE OF COMPLIANCE

Pursuant to Rule 32(g) of the Federal Rules of Appellate Procedure, Christian B. Corrigan, an employee in the Office of the Attorney General of the Montana, hereby certifies that according to the word count feature of the word processing program used to prepare this motion, the motion contains 2,093 words, and complies with the length and typeface requirements of Rules 27 and 32.

/s/ *Christian B. Corrigan*

CHRISTIAN B. CORRIGAN
*Solicitor General of Montana*