No. 24-34

## IN THE UNITED STATES COURT OF APPEALS
## FOR THE NINTH CIRCUIT

SAMANTHA ALARIO, HEATHER DIROCCO, CARLY ANN GODDARD,
ALICE HELD, AND DALE STOUT,

*Plaintiffs-Appellees,*

and

TIKTOK INC.,

*Plaintiff-Appellee,*

v.

AUSTIN KNUDSEN, in his official capacity as Attorney General
of the State of Montana,

*Defendant-Appellant.*

On Appeal from the United States District Court for the District of Montana
Nos. CV 23-56-M-DWM and CV 23-61-M-DWM
Hon. Donald W. Molloy

## OPPOSITION TO MOTION TO VACATE THE JUDGMENT BELOW

Ambika Kumar
Davis Wright Tremaine LLP
920 Fifth Avenue, Suite 3300
Seattle, WA 98104
(206) 757-8030
ambikakumar@dwt.com

Tim Cunningham
Davis Wright Tremaine LLP
560 SW 10th Avenue, Suite 700
Portland, OR 98104
(503) 241-2300
tcunningham@dwt.com

Alexander A. Berengaut
Megan A. Crowley
Covington & Burling LLP
Washington, DC 20001
(202) 662-5367
aberengaut@cov.com
mcrowley@cov.com

Anders Linderot
Covington & Burling LLP
30 Hudson Yards
New York, NY 10001
(212) 841-1163
alinderot@cov.com

Chelsea T. Kelly
Davis Wright Tremaine LLP
1301 K Street NW, Suite 500 East
Washington, DC 20005
(202) 973-4200
chelseakelly@dwt.com

Adam S. Sieff
Davis Wright Tremaine LLP
350 S. Grand Avenue, 27th Floor
Los Angeles, CA 90071
(213) 633-6800
adamsieff@dwt.com

Natasha P. Jones
Matthew B. Hayhurst
Boone Karlberg P.C.
201 W. Main Street, Suite 300
Missoula, MT 59807
(406) 543-6646
npjones@boonekarlberg.com
mhayhurst@boonekarlberg.com

*Counsel for Plaintiffs-Appellees*

Rob Cameron
Jackson, Murdo & Grant, P.C.
203 North Ewing
Helena, MT 59601
(406) 389-8244
rcameron@jmgattorneys.com

*Counsel for Consolidated Plaintiff-Appellee*

## INTRODUCTION

The principles of *United States v. Munsingwear, Inc.*, 340 U.S. 36 (1950), protect diligent litigants who lose the ability to seek review of a judgment that, if left standing, would bind them in future litigation. Accordingly, this Court, along with other courts of appeals, has recognized that *Munsingwear* vacatur is *not* justified when the district court decision at issue lacks ongoing preclusive effect. *See United States v. Arpaio*, 951 F.3d 1001, 1005 (9th Cir. 2020).

The State of Montana asks this Court to vacate a preliminary injunction order it appealed to this Court over two years ago because Plaintiffs' lawsuit is now moot. It is well established, however, that preliminary injunction orders ordinarily do not bind the parties in future litigation. Because the order sought to be vacated has no preclusive effect, there is no need to "clear[] the path for future relitigation of the issues." *Munsingwear*, 340 U.S. at 40. The State's request for vacatur of the district court's preliminary injunction order therefore should be denied.

Vacatur of the district court's order is also inappropriate because mootness did not inhibit this Court's review. For the past two years, the district court decision was not "unreviewable, but simply unreviewed," because the parties *jointly* requested that this appeal be held in abeyance. *See U.S. Bancorp Mortg. Co. v. Bonner Mall P'ship*, 513 U.S. 18, 25 (1994). Through its motion to vacate, the State seeks precisely what it hoped to achieve on appeal—vacatur of the preliminary

1

injunction order—without a merits determination by this Court. In these circumstances—where the challenged order lacks preclusive effect and the absence of review is attributable at least in part to the appellant's own actions—there is no inequity in withholding the "extraordinary" and "equitable remedy" of vacatur. *See id.* at 26.

## BACKGROUND

In May 2023, the State enacted S.B. 419, "An Act Banning TikTok in Montana." With an effective date of January 1, 2024, S.B. 419 threatened to prohibit "the operation of tiktok"—an online platform used by millions of Americans and several hundred thousand Montanans—throughout Montana. S.B. 419 § 1(1)(a).

TikTok Inc. and a group of Montanans who create and share content on TikTok (collectively, "Plaintiffs") filed two lawsuits, later consolidated, challenging S.B. 419 on constitutional grounds. In advance of S.B. 419's effective date, Plaintiffs moved for a preliminary injunction, which the district court granted in November 2023. *See Alario v. Knudsen*, 704 F. Supp. 3d 1061, 1088 (D. Mont. 2023). The district court found that Plaintiffs had shown a "likelihood of success" on the merits of their constitutional claims, *id.* at 1073, that they had shown a "likelihood of irreparable harm," *id.* at 1087, and that the equities favored preliminary relief, *id.* at 1088. Accordingly, the district court enjoined the effective date of S.B. 419 pending a final decision on the merits. *Id.*

In January 2024, the State filed an interlocutory appeal to this Court, seeking review of the district court's preliminary injunction order. Dkt. 1. In March 2024, the State filed its opening brief. Dkt. 9. In April 2024, Plaintiffs filed their response briefs. Dkt. 28, 29. And on May 16, 2024, the Court provided notice that the case was being considered for an upcoming oral argument calendar in September or October 2024. Dkt. 71.

On May 21, 2024, the parties filed a joint motion to hold the appeal in abeyance. Dkt. 72. The parties explained that Congress had recently enacted—and TikTok Inc. had recently challenged in the D.C. Circuit—the Protecting Americans from Foreign Adversary Controlled Applications Act ("PAFACA"), which threatened to ban TikTok in the United States. *Id.* at 1–3. The parties agreed that holding the appeal in abeyance in light of TikTok Inc.'s challenge to PAFACA would further the orderly course of justice by simplifying the issues and questions of law in this appeal. *Id.* at 4.

This Court granted the parties' joint motion to hold the appeal in abeyance. Dkt. 73. As TikTok Inc.'s challenge to PAFACA made its way through the D.C. Circuit and then to the Supreme Court—and as President Trump then took office and issued a series of Executive Orders directing the Attorney General not to enforce PAFACA in order to allow his Administration "an opportunity to determine the appropriate course of action with respect to TikTok,"—the parties jointly requested

that this appeal continue to be held in abeyance five more times: in January 2025, February 2025, May 2025, August 2025, and November 2025. *See* Dkt. 81 (quoting Exec. Order 14166, 90 Fed. Reg. 8611 (Jan. 30. 2025)); *see also* Dkt. 74, 76, 78, 85. The Court granted the joint requests. *See* Dkt. 75, 77, 80, 83, 86.

In January 2026, a transaction was executed with respect to TikTok that the parties agree renders S.B. 419 "void" because S.B. 419 contains a "[c]ontingent voidness" provision that fits such circumstances. Dkt. 87 at 4–5; *see* S.B. 419 § 4. Accordingly, the parties agree that this case is moot. Mot. at 3. The parties filed a joint stipulation of dismissal in the district court, and the State moved to dismiss its appeal, asking this Court to vacate the district court's preliminary injunction order under *Munsingwear*. *Id.* at 3–8. Plaintiffs do not object to dismissal but do object to the State's vacatur request for the following reasons.

## ARGUMENT

The Court should deny the State's motion to vacate the district court's preliminary injunction order. The district court's order has no preclusive effect, and this Court has recognized that the equitable remedy of vacatur is not appropriate where vacatur is unnecessary to clear the path for future litigation. Principles of equity further counsel against granting vacatur where—as here—the party seeking vacatur shares responsibility for the appeal going unreviewed. The State agreed to hold this case in abeyance for nearly two years after briefing was complete; had the

4

appeal proceeded to oral argument in September or October 2024, as tentatively scheduled, it would almost certainly have been resolved before the case became moot.  Having avoided the risks inherent in proceeding before this Court, the State now asks for vacatur anyway.  Principles of equity do not support granting the State's requested relief.

## I.  Vacatur Is Not Warranted Because the Decision Below Has No Preclusive Effect.

Because the practice of vacatur is "rooted in equity," the decision whether to vacate a district court decision "turns on the conditions and circumstances of the particular case."  *Azar v. Garza*, 584 U.S. 726, 729 (2018) (per curiam) (quotations omitted); *see also Alvarez v. Smith*, 558 U.S. 87, 94 (2009) (courts take a "flexible" approach to vacatur).  The party requesting vacatur bears the "burden . . . to demonstrate" that it has an "equitable entitlement to the extraordinary remedy of vacatur."  *U.S. Bancorp*, 513 U.S. at 26.  When an appeal becomes moot by "happenstance," courts may vacate a lower court order to "clear[] the path for future relitigation of the issues"—*i.e.*, to remove a judgment that otherwise would have preclusive effect—and prevent the judgment that is "unreviewable because of mootness" from "spawning any legal consequences."  *Munsingwear*, 340 U.S. at 40–41.  As explained below, these principles do not justify vacatur of the district court's order.

5

A.      **Because the Preliminary Injunction Order Does Not Bind the Parties in Future Litigation This Court Should Deny the State's Motion.**

The Court should reject the State's request to vacate the district court's preliminary injunction order because that order does not have preclusive effect and thus poses no obstacle to future litigation between the parties. *See Starbuck v. City & Cnty. of San Francisco*, 556 F.2d 450, 457 n.13 (9th Cir. 1977) ("[A] preliminary injunction . . . is not a final judgment sufficient for collateral estoppel purposes."); *see also Univ. of Tex. v. Camenisch*, 451 U.S. 390, 395 (1981) ("[F]indings of fact and conclusions of law made by a court granting a preliminary injunction are not binding at trial on the merits."). The district court's order is a grant of preliminary relief based on findings of "likelihood" of success on the merits. *Alario*, 704 F. Supp. 3d at 1073. It thus cannot bind the parties in future litigation. Accordingly, the preliminary injunction order is not an obstacle on "the path for future relitigation of the issues between the parties." *Munsingwear*, 340 U.S. at 40.

Indeed, the absence of any preclusive effect is especially clear here, where the parties agree that S.B. 419 is now void, Mot. at 1, and the only way the same issues between the parties could arise is if the State passed another law attempting to ban TikTok. But such a law would necessarily be subject to a legal challenge tailored to the features of the new law, and the district court's preliminary injunction order

6

concerning S.B. 419 would bind neither the parties nor the court in any new proceedings. *See Starbuck*, 556 F.2d at 457 n.13.

Reflecting the purposes of *Munsingwear* vacatur, this Court has declined to vacate district court rulings lacking future preclusive effect. In *United States v. Arpaio*, for example, the Court rejected a defendant's request to vacate a guilty verdict after the defendant received a pardon before sentencing. 951 F.3d at 1002. Although the pardon mooted the case and foreclosed appellate review, the Court recognized that the verdict could be given "no future preclusive effect" and refused the defendant's request. *Id.* at 1005. The Court reasoned that a verdict before sentencing is not a "final judgment" and cannot lead to issue or claim preclusion in any subsequent civil litigation. *Id.* at 1006–07. The Court thus concluded that "vacatur would not further the purposes of *Munsingwear* because the district court's verdict . . . has no legal consequences." *Id.* at 1005–06. Accordingly, the Court saw "no reason . . . to apply *Munsingwear*" to the case. *Id.* at 1007.

Other courts of appeals have likewise declined to vacate district court orders that lack preclusive effect. *See, e.g.*, *Ramsek v. Bashear*, 989 F.3d 494, 501 (6th Cir. 2021) (declining to vacate preliminary injunction order because "we typically do not vacate a preliminary injunction in that it 'has no preclusive effect'"); *Mahoney v. Babbitt*, 113 F.3d 219, 224 (D.C. Cir. 1997) (declining to vacate preliminary

7

injunction order because "the preclusive effect," if any, "poses little risk of prejudice to the parties").

The Court should follow that course here. Because the district court's order evaluated the likelihood of success of Plaintiffs' challenge to S.B. 419 in a preliminary posture, it does not bind the State, future plaintiffs, or any future district court evaluating a similar challenge. Vacating it cannot possibly, therefore, "clear[]" any litigation path. *Munsingwear*, 340 U.S. at 40. The State has thus not met its burden to demonstrate entitlement to the extraordinary equitable remedy of vacatur. *See U.S. Bancorp*, 513 U.S. at 26.

## B. The State's Arguments in Favor of Vacatur are Meritless.

The State's primary contention is that vacatur is "generally automatic" when a case becomes moot on appeal. Mot. at 4–5 (quoting *Donovan v. Vance*, 70 F.4th 1167, 1173 (9th Cir. 2023)). But vacatur is an "equitable remedy," *U.S. Bancorp*, 513 U.S. at 25, that is "neither statutorily nor constitutionally required," *Dilley v. Gunn*, 64 F.3d 1365, 1370 (9th Cir. 1995). In *Munsingwear* itself, the Supreme Court declined to vacate the lower court's judgment after the case had become moot on appeal because the appellant had "slept on its rights" by not seeking vacatur sooner. 340 U.S. at 41. Vacatur is "automatic" only when equitable requirements are satisfied.

8

The State argues that this Court and others have previously vacated preliminary injunction orders under *Munsingwear*. Mot. at 5–6. But the cases on which the State relies are distinguishable, with the question of vacatur turning on the specific equities of each case. *See Azar*, 584 U.S. at 729.

To begin, two of the cases cited by the State do not involve preliminary injunction orders at all. *See Anoke v. Silverman*, 2025 WL 2252556, at *1 (9th Cir. Aug. 4, 2025) (order to unseal corporate disclosure statement); *IBTCWHA, Loc. Union No. 2702 v. W. Air Lines, Inc.*, 854 F.2d 1178, 1178 (9th Cir. 1988) (order denying motion to compel arbitration and request for injunction). In at least one, vacatur was not contested. *See* Pl. States' Resp. to Defs.' Mot. to Dismiss Appeal as Moot at 2–3, *Arizona v. U.S. Dep't of Homeland Sec.*, No. 21-16118, 2023 WL 3033414 (9th Cir. Apr. 18, 2023). And two were decided well before *U.S. Bancorp* and *Arpaio*, in which the Supreme Court and this Court foreclosed the argument that vacatur is always available. *See Loc. No. 44 of Int'l All. of Theatrical Stage Emps. & Moving Picture Mach. Operators of U.S. & Canada v. Int'l All. of Theatrical Stage Emps. & Moving Picture Mach. Operators of U.S. & Canada*, 886 F.2d 1320, at *1 (9th Cir. 1989); *IBTCWHA, Loc. Union No. 2702*, 854 F.2d at 1178. Moreover, none of the cases upon which the State relies offers more than a sentence or two directing the lower court to vacate the judgment. Given the equitable nature of

vacatur, these cases are unilluminating as to the issue before the Court, which is whether the equities support vacatur given the circumstance *of this case*.

No more successful is the State's contention that the Supreme Court has ordered *Munsingwear* vacatur "in precisely these circumstances—where a law is challenged, enjoined, and then sunsets or is repealed while the appeal is pending." Mot. at 5. The cases cited by the State involved *final* judgments or decisions, not preliminary orders that lacked preclusive effect. *See N.Y. State Rifle & Pistol Ass'n, Inc. v. City of N.Y.*, 590 U.S. 336, 339 (2020), *vacating N.Y. State Rifle & Piston Ass'n Inc. v. City of N.Y.*, 883 F.3d 45, 52 (2d Cir. 2018) (opinion affirming, among other things, grant of summary judgment); *Bowen v. Kizer*, 485 U.S. 386, 387 (1988), *vacating Cubanski v. Heckler*, 781 F.2d 1421, 1423 (9th Cir. 1986) (opinion reviewing final agency action); *U.S. Dep't of Treasury v. Galioto*, 477 U.S. 556, 560 (1986), *vacating Galioto v. Dep't of Treasury*, 602 F. Supp. 682, 683 (D.N.J. 1985 (order granting summary judgment).

The State's reliance on *Mayorkas v. Innovation Law Lab*, 141 S. Ct. 2842 (2021), is equally misplaced. The primary question before the Supreme Court was whether to vacate an *appellate* court decision, which—unlike a district court order—could have binding precedential effect throughout this Circuit. *Innovation Law Lab* concerned a Department of Homeland Security ("DHS") policy that was preliminarily enjoined by a district court, affirmed on appeal by this Court, and then

10

terminated by DHS while review of the preliminary injunction was pending before the Supreme Court. *See* Pet'rs' Suggestion of Mootness and Mot. to Vacate J. of Ct. of Appeals at 1–3, *Mayorkas v. Innovation L. Lab*, 141 S. Ct. 2842 (2021) (No. 19-1212), 2021 WL 2287172, at *1–3. In a memorandum opinion, the Supreme Court, without any reasoning, granted the government's motion to vacate this Court's opinion, and further directed this Court to direct the district court to vacate as moot the preliminary injunction order. *Innovation L. Lab*, 141 S. Ct. at 2842.

The briefing in *Innovation Law Lab* makes clear that the dispute primarily concerned whether to vacate this Court's opinion because it was binding precedent. The government argued that vacatur of the appellate decision was warranted because, otherwise, the opinion would control future litigation in this Circuit. *See* Pet'rs' Suggestion of Mootness and Mot. to Vacate J. of Ct. of Appeals, *supra*, at 12–17; *see also* Pet'rs' Reply in Supp. of Mot. to Vacate J. of Ct. of Appeals at 1–2 *Mayorkas v. Innovation L. Lab*, 141 S. Ct. 2842 (2021) (No. 19-1212), 2021 WL 2458455, at *1–2. Once the Supreme Court determined that vacatur of this Court's decision was warranted, it followed naturally that the district court order should be vacated since this Court had affirmed the district court. Without vacating both orders, there might have been confusion regarding whether this Court's reasoning persisted in some form. *Innovation Law Lab* has no bearing here.

11

The State's invocation of practical consequences only underscores the deficiencies in its motion. The State maintains that without vacatur it will be burdened by an adverse ruling that could be cited as persuasive authority in future litigation if it decides to legislate in a similar manner again. Mot. at 7–8. But that is true regardless of whether the district court's decision is vacated. *See NASD Dispute Resolution, Inc. v. Jud. Council of State of Cal.*, 488 F.3d 1065, 1069 (9th Cir. 2007) (a vacated district court decision is "citable for its persuasive weight"). The effect of *Munsingwear* vacatur is not to limit the use of "persuasive" authority; it is to prevent unreviewable decisions from "spawning any legal consequences." 340 U.S. at 41. As discussed, because the preliminary injunction order has no preclusive effect, there is no risk of it "spawning any legal consequences," and the State will face no additional burden if the Court declines to vacate.

## II. Vacatur Is Also Not Appropriate Because the State Agreed to Delay Resolution of Its Appeal.

The equities also do not support vacatur when a district court decision is "not unreviewable, but simply unreviewed" because of the actions of the party seeking vacatur. *U.S. Bancorp*, 513 U.S. at 25. In these circumstances, there is no injustice in withholding an equitable remedy. *Id.*

Although Plaintiffs agree that the preliminary injunction order is unreviewable *now*, there was ample time for review. The district court granted the preliminary injunction in November 2023. *See Alario*, 704 F. Supp. 3d at 1088. The

12

parties briefed this appeal in March and April 2024.  Dkt. 9, 28, 29.  And the Court provided notice that the appeal was being considered for oral argument in September or October 2024.  Dkt. 71.  Rather than proceed to oral argument, however, the parties *jointly* agreed to ask that the case be held in abeyance.  Dkt. 72.  Contrary to the State's suggestion, therefore, this is *not* a situation in which the *State* "actively pursued its rights," Mot. at 7, while *Plaintiffs'* "unilateral action," Mot. at 4, prevented review.  Had the State zealously sought appellate review, its appeal would almost certainly have been resolved before becoming moot.  Instead, the State agreed to repeated abeyances that deferred review and now asks this Court to give it exactly what it asked for in its appeal.  Indulging that request would contravene the equitable principles governing *Munsingwear* vacatur.

## III.    The Public Interest Weighs Against Vacatur.

The State has failed to demonstrate its entitlement to vacatur.  And vacatur is not without consequence.  The Supreme Court has recognized the important public policy interest in leaving judicial decisions in place.  "Judicial precedents are presumptively correct and valuable to the legal community as a whole.  They are not merely the property of private litigants and should stand unless a court concludes that the public interest would be served by a vacatur."  *U.S. Bancorp*, 513 U.S. at 26 (quoting *Izumi Seimitsu Kogyo Kabushiki Kaisha v. U.S. Philips Corp.*, 510 U.S. 27, 40 (1993) (Stevens, J., dissenting)).  "History cannot be rewritten."  *Matter of Mem.*

13

*Hosp. of Iowa Cnty., Inc.*, 862 F.2d 1299, 1300 (7th Cir. 1988). And "the public has an interest in protecting district court precedents" from a kind of "collateral attack" that demands vacatur outside of the normal resolution of an appeal. *See NASD Dispute Resolution, Inc.*, 488 F.3d at 1069 (citing *U.S. Bancorp*, 513 U.S. at 27). Here, where the order sought be vacated has no preclusive effect and the party seeking vacatur shares responsibility for the appeal not being reviewed, the public interest is served by leaving the district court's decision in place.

## CONCLUSION

For the foregoing reasons, the Court should deny the State's request to vacate the district court's preliminary injunction order.

Date: March 16, 2026

/s/ *Ambika Kumar*
Ambika Kumar
Davis Wright Tremaine LLP
920 Fifth Avenue, Suite 3300
Seattle, WA 98104
(206) 757-8030
ambikakumar@dwt.com

Tim Cunningham
Davis Wright Tremaine LLP
560 SW 10th Avenue, Suite 700
Portland, OR 98104
(503) 241-2300
tcunningham@dwt.com

/s/ *Alexander A. Berengaut*
Alexander A. Berengaut
Megan A. Crowley
Covington & Burling LLP
Washington, DC 20001
(202) 662-5367
aberengaut@cov.com
mcrowley@cov.com

Anders Linderot
Covington & Burling LLP
30 Hudson Yards
New York, NY 10001
(212) 841-1163
alinderot@cov.com

14

Chelsea T. Kelly
Davis Wright Tremaine LLP
1301 K Street NW, Suite 500 East
Washington, DC 20005
(202) 973-4200
chelseakelly@dwt.com

Adam S. Sieff
Davis Wright Tremaine LLP
350 S. Grand Avenue, 27th Floor
Los Angeles, CA 90071
(213) 633-6800
adamsieff@dwt.com

Natasha P. Jones
Matthew B. Hayhurst
Boone Karlberg P.C.
201 W. Main Street, Suite 300
Missoula, MT 59807
(406) 543-6646
npjones@boonekarlberg.com
mhayhurst@boonekarlberg.com

*Counsel for Plaintiffs-Appellees*

Rob Cameron
Jackson, Murdo & Grant, P.C.
203 North Ewing
Helena, MT 59601
(406) 389-8244
rcameron@jmgattorneys.com

*Counsel for Consolidated Plaintiff-Appellee*

15

**CERTIFICATE OF COMPLIANCE**

This document complies with Fed. R. App. P. 27(d)(2) because this response does not exceed 5,200 words. This document complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because this document has been prepared in a proportionally spaced typeface using 14-point and Times New Roman font.

/s/ *Alexander A. Berengaut*
Alexander A. Berengaut